IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICH AUREL,[1] #317239                    *
                        *Plaintiff*,
                                          *
            v.                            *   CIVIL ACTION NO. ELH-15-1928

LT. JONES, Property Officer;              *
SAR. ROBERT L. HARRIS;
SCOTT C. BEEMAN,                          *
                        *Defendants*.     *
                                        *****

MEMORANDUM

On June 30, 2015, Mich Aurel, an inmate housed at the North Branch Correctional Institution ("NBCI"), filed the above-captioned 42 U.S.C. § 1983 civil rights action. This represents the seventeenth civil action filed by Aurel in this court. Aurel, who seeks $1,000,000.00 in damages, complains that the officers at NBCI stole his personal property, *i.e.*, clothing, shoes, an art set, and a soccer ball, and refused to mail his excess personal property to his family in Romania. ECF 1 at 3. Aurel's accompanying motion for leave to proceed in forma pauperis (ECF 2) shall be granted, pursuant to 28 U.S.C. § 1915.

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

---

[1] Aurel refers to himself as "Aurel Mich." The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website. Accordingly, I will refer to him per the DPSCS designation.

malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> (B) the action or appeal-
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or ....

Thus, § 1915(e) requires dismissal of an action by a court, *sua sponte*, upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.   Sections 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Fed. R. Civ. P. 12(b)(6).  *See McLean v. United States,* 566 F.3d 391, 396 (4th Cir. 2009); *Hill v. Lappin,* 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e) (2)(B)(ii)).

The pleadings filed by a self-represented litigant are "liberally construed" and "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  But, this does not "absolve" Aurel of the obligation to plead "a plausible claim." *Bey v. Shapiro Brown & Alt, LLP,* 997 F. Supp. 2d 310, 314 (D. Md.), *aff'd*, 584 F. App'x 135 (4th Cir. 2014).  A careful review has been made of the complaint, pursuant to the procedural

2

provisions of 28 U.S.C. §§ 1915 and § 1915A.   I shall dismiss Aurel's complaint for failure to state a claim.

To the extent that Aurel is claiming that his personal property was destroyed, no constitutional claim has been stated.   In the case of lost or stolen property, sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy.   *See Parratt v. Taylor,* 451 U.S. 527, 542–44 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[2]   *See Juncker v. Tinney,* 549 F.Supp. 574, 579 (D. Md. 1982).[3]   The Supreme Court extended its *Parratt* holding to intentional deprivations of property.   *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).   Therefore, even assuming that Aurel's personal property was destroyed, as he alleges, such a claim does not rise to a constitutional violation.

Indeed, in rejecting a prisoner's Fourth Amendment claim to an expectation of privacy in his cell, the Supreme Court stated in *Hudson*, 486 U.S. at 530-31, that rejecting such a claim did not "mean that [a prisoner] is without a remedy for calculated harassment unrelated to prison needs. Nor does it mean that prison attendants can ride roughshod over inmates' property rights with impunity. The Eighth Amendment always stands as a protection against 'cruel and unusual punishments.' By the same token, there are adequate state tort and common-law remedies available to Aurel to redress

---

[2]   Aurel may avail himself of remedies under Maryland's Tort Claims Act and through the Inmate Grievance Office.

[3]   Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies, available in the Maryland courts, also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing the plaintiff's due process claim.

the alleged destruction of his personal property."

Aurel himself notes that he previously raised this claim in an earlier case.  *See Aurel v. NBCI Property Room, et al.*, Civil Action No. ELH-14-3036 (D. Md.).  That complaint was summarily dismissed.  He may not seek to relitigate this non-constitutional issue here.[4]

Because Aurel's prisoner civil rights case fails to state a claim, his case shall be dismissed, pursuant to 28 U.S.C. § 1915(e).  Aurel is hereby notified that he may be barred from filing future suits, in forma pauperis, if he continues to file federal civil rights actions that are subject to dismissal under 28 U.S.C. § 1915(e) or Rule 12(b)(6).[5]  This constitutes the second § 1915(e) strike to be assessed against Aurel.[6]

A separate Order follows.

Date:  July 15, 2015                    _____/s/_____
                                         Ellen L. Hollander
                                         United States District Judge

---

[4]  Insofar as Aurel complains about the prison's refusal to send his property overseas, this claim is already before the court.  *See Aurel v. Mail Room NBCI, et al.*, Civil Action No. ELH-14-2813 (D. Md.).

[5] 28 U.S.C. § 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once a prisoner accumulates three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.

[6] Aurel's first dismissal under 28 U.S.C. § 1915(e) was assessed in *Aurel v. Gainer, et al.*, Civil Action No. ELH-15-1750 (D. Md.).